UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DONALD STACY and GRETA STACY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 5: 17-449-DCR |
| V. | ) |
| | ) |
| LIBERTY INSURANCE | ) |
| CORPORATION, STUART WOOSLEY, | ) **MEMORANDUM OPINION** |
| and EDWARD MITCHELL, | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiffs Donald and Greta Stacy's motion to remand. [Record No. 8] They argue that the Court lacks subject matter jurisdiction to decide their claims regarding a home insurance policy because the parties are not completely diverse. The defendants maintain that complete diversity exists because defendant insurance adjusters Stuart Woosley and Edward Mitchell were fraudulently joined. Mitchell and Woosley have moved to dismiss the claims against them. [Record No. 7] For the reasons that follow, the plaintiffs' motion to remand will be granted and the defendants' motion to dismiss will be denied, as moot.

I.

Plaintiffs Donald and Greta Stacy filed this action on October 19, 2017, in Breathitt Circuit Court. [Record No. 1-1, pp. 2-3] The Stacys are citizens of Kentucky. *Id.* at p. 4. Defendant Liberty Insurance Company ("Liberty") is incorporated under the laws of Illinois, with its principal place of business in Massachusetts, so it is a citizen of both Illinois and

- 1 -

Massachusetts for diversity purposes. [Record No. 1, p. 4] *See* 28 U.S.C. § 1332; *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Defendant Mitchell is a citizen of North Carolina and Defendant Woosley is a citizen of Kentucky. [Record No. 1, p. 4]

The plaintiffs allege that Liberty issued an insurance policy to them in July 2015 to insure their dwelling and other property located at 200 Hoover Drive, Campton, Kentucky. [Record No. 1-1, p. 6] They further allege that, during a period covered by the policy, their residence and other insured structures were lost due to a fire. *Id.* According to the plaintiffs, after receiving timely notice of the claim, Mitchell advised them that Liberty would pay their "additional living expenses" until the claim was paid. *Id.* Mitchell wrote a letter to the plaintiffs, dated December 8, 2016, which advised that he had released a payment in the amount of $700.00 for monthly living expenses, pursuant to their Liberty policy. *Id.* at pp. 6-7.

The plaintiffs received a second letter from Mitchell, dated December 26, 2016, advising the plaintiffs for the first time that Liberty was investigating their claim. *Id.* at p. 7. Mitchell and Woosley subsequently visited 200 Hoover Drive. *Id.* The plaintiffs allege that Mitchell and Woosley purported to calculate the value of the plaintiffs' claim but, in reality, they conspired to gather evidence to wrongfully deny the claim and rescind the plaintiffs' insurance policy. *Id.* at pp. 7-8.

The plaintiffs received a letter from Liberty dated February 15, 2017, informing them that their policy was being rescinded due to an alleged material misrepresentation in their initial application. *Id.* at p. 8. Specifically, the plaintiffs were told that they indicated that no pets or animals were present at the insured location when, in fact, Liberty's investigation revealed that the Stacys had owned at least one dog and a horse prior to the inception of the

policy. *Id.* One week later, the plaintiffs received a letter from Liberty adjuster Adam Bonin advising them that their claim was being denied. *Id.* The plaintiffs later received a check for $3,149.40, which purported to be "a return of all premiums paid to the company for [the] policy."

The plaintiffs contend that they did not own a dog or a horse or keep either at 200 Hoover Drive at the inception of the Liberty insurance policy. *Id.* They filed this action in state court alleging, *inter alia*, breach of contract against Liberty and violations of Kentucky's Unfair Claims Settlement Practice Act against all defendants. The defendants removed the action to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. They concede that Defendant Woosley is not diverse from the plaintiffs but contend that his citizenship must be ignored because he was fraudulently joined. [Record No. 1, pp. 4-5]

**II.**

The "party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) (internal citation and quotation marks omitted). There must be complete diversity such that no plaintiff is a citizen of the same state as any defendant. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). However, fraudulent joinder of a non-diverse party does not defeat removal on diversity grounds. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

The relevant inquiry is whether the plaintiff had at least a colorable cause of action against the defendant in state court. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). A colorable cause of action exists if there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13

F.3d at 949. This is a less searching inquiry than that triggered by a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Gibson v. Am. Min. Ins. Co.*, No. 08-118-ART, 2008 WL 4602747, *5 (E.D. Ky. Oct. 16, 2008) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cit. 1992)). "If there is a colorable basis for predicting that a plaintiff could recover against the non-diverse defendant, the Court must remand the action to state court." *Appel v. PACCAR, Inc.*, 2006 WL 2873434 (W.D. Ky. Oct. 4, 2006) (citing *Boladian v. UMG Recordings, Inc.*, 123 F. App'x 165, 168 (6th Cir. 2005)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493.

## III.

Woosley is the only defendant who is a citizen of Kentucky and, therefore, not diverse from the plaintiffs. Accordingly, the Court must determine whether the plaintiffs have asserted any claim against Woosley that is at least colorable.

As previously indicated, the plaintiffs allege that Woosley visited 200 Hoover Drive under the guise of evaluating their claim. Instead, they contend, he "attempted to gather evidence and invent a reason to wrongfully deny" the claim and rescind the insurance policy. [Record No. 1-1, p. 8] The plaintiffs also allege that Woosley conspired with Mitchell and Liberty to wrongfully deny their claim. *Id.* at p. 7. The plaintiffs' claims against Woosley include violations of the Unfair Claims Settlement Practices Act ("UCSPA"), Ky. Rev. Stat. § 304.12-230.

> The UCSPA prohibits seventeen specific acts or omissions including:
>
> (1) Misrepresenting pertinent facts . . . relating to coverages at issue; (2) Failing to acknowledge and act reasonably promptly upon communication with respect to claims arising under insurance policies; (3) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (4) Refusing to pay claims without conducting a reasonable

- 4 -

> investigation based upon all available information; . . . (6) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims in which liability has become reasonably clear."

Ky. Rev. Stat. § 304.12-230. The defendant argues that such claims are not viable when asserted against claims adjusters like Woosley but, as evident from a review of the relevant case law (including that cited by the parties), this is far from clear. *See e.g., Fugate v. Ohio Cas. Ins. Co.*, No. 16-cv-37-JMH, 2016 WL 3892399, *3 (E.D. Ky. July 13, 2016); *Stacy v. Grange Indemnity Ins. Co.*, No. 14-133-ART, 2014 WL 12605047, *1-2 (E.D. Ky. Dec. 4, 2014); *Gibson*, 2008 WL 4602747, *5 (concluding that defendants failed to show lack of colorable basis for UCSPA claims against insurance adjusters). *But see e.g. Delamar v. Mogan*, 966 F. Supp. 2d 755, 759 (W.D. Ky. 2013); *Wolfe v. State Farm Fire & Cas. Co.*, No. 3: 10-cv-545, 2010 WL 4930680, *3 (W.D. Ky. Nov. 30, 2010) (concluding that contractual obligation must exist between parties to be held liable for bad faith).

The Kentucky Supreme Court's decision in *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000), continues to provide the most persuasive guidance. *See Howard v. Allstate Insurance Company*, No. 5: 14-173-DCR, 2014 WL 5780967, *6-7 (E.D. Ky. Nov. 5, 2014). Under *Davidson*, both the UCSPA and common law bad faith claims apply "only to persons or entities engaged in the business of insurance." *Id.* at *6 (quoting *Davidson*, 25 S.W.3d at 95). While *Davidson* indicates that a bad faith cause of action requires a contractual obligation, it does not require privity of contract between the plaintiff and defendant. Instead, the Kentucky Supreme Court stated that the UCSPA applies to "insurance companies *and their agents* in the negotiation, settlement, and payment of claims made against policies, certificates or contracts of insurance." *Davidson,* 25 S.W.3d at 98 (emphasis added). Since insurance adjusters are agents of insurance companies who are routinely involved in these activities, they

are arguably "in the business of insurance" and potentially liable for bad faith claims. *Howard*, 2014 WL 5780967, *6-7.

The defendants rely on *Brown v. Indemnity Insurance Company of N.A.*, No. 17-cv-193-JMH, 2017 WL 30115171 (E.D. Ky. July 14, 2017), in which this Court denied remand based on the fraudulent joinder of an insurance adjuster. However, in that case, the Court did not conclude that joinder was fraudulent because an insurance adjuster cannot be liable for bad faith under Kentucky law. Instead, the Court retained jurisdiction because the plaintiffs had failed to allege any facts on which to base a claim against the adjuster. *Brown*, 2017 WL 30115171, *3. In contrast, the Stacys allege that, in performing his duties for Liberty, Woosley conspired with the other defendants and "invented a reason" to wrongfully deny their insurance claim.

The Court "must resolve all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the nonremoving party." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). Any doubts concerning the propriety of removal are resolved in favor of remand. *Id.* For the reasons explained, the defendants have not met the heavy burden of establishing fraudulent joinder. Accordingly, it is hereby

**ORDERED** as follows:

1. The plaintiffs' motion to remand [Record No. 8] is **GRANTED**.

2. The defendants' motion to dismiss [Record No. 7] is **DENIED**, as moot.

3. This action is **REMANDED** to the Breathitt Circuit Court and **STRICKEN** from this Court's docket.

This 19th day of January, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge